UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT D. HUGHES, *et al.*, | : | Case No. 1:03-cv-261 |
| | : | |
| Plaintiffs, | : | Black, M.J. |
| | : | |
| vs. | : | |
| | : | |
| ANTHONY F. GUANCIALE, M.D., *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DEPOSITION OF DR. ROBERT A. CAPLAN AND/OR KAREN POSNER, PH.D. (Doc. 57)**

This is a medical malpractice case. The matter is before the Court on a motion by Plaintiffs, pursuant to Fed. R. Civ. P. 37(a), for an order compelling Defendants Alix Mathieu, M.D. and University Anesthesia Associates, Inc. ("Defendants") to produce certain documentary evidence and to produce for deposition Dr. Robert A. Caplan and/or Karen Posner, Ph.D. (Doc. 57.) Specifically, Plaintiffs seek information from a research project in which both Dr. Caplan and Dr. Posner participated, the "Closed Claims Project." (*See id.* at 2-3.)

During his deposition, Dr. Caplan stated that there may have been one or two cases, out of approximately 7,000 cases involved in the Closed Claims Project, that involved the same injuries allegedly suffered by Robert Hughes, a plaintiff in the present action. (*See id.* & Ex. B, Caplan. Dep. at 72-73, 89-90.)

Defendants oppose the motion on the grounds that the discovery sought is not relevant; production of the documents would be unduly burdensome, if they in fact exist; and that the time and expense to produce either Dr. Caplan or Dr. Posner is not justified. (*See* Doc. 63.)

DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure provides in part that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). Where a party receives evasive or incomplete answers to a discovery request, they are permitted to bring a motion to compel disclosure. *See* Fed R. Civ. P. 37(a)(3).

The court is permitted, however, to limit "the frequency or extent of use of the discovery methods" where it finds that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).

The party seeking discovery bears the initial burden of showing that the information sought is relevant. *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Thereafter, the party resisting production bears the burden of

persuasion.  *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982).  The resisting party must show specifically how the information requested is not relevant or why it should be limited.  *See id.*

Plaintiffs have not shown that the requested discovery is relevant, that is, "reasonably calculated to lead to admissible evidence."  *See* Fed. R. Civ. P. 26(b)(1).

In support of their medical malpractice claim, Plaintiffs seek to establish, in part, that the anesthesiologist attending plaintiff Robert Hughes during surgery breached the standard of care.  Thus, information concerning the standard of care in particular cases appears relevant.  Nonetheless, it also appears that the pending request is not "reasonably calculated to lead to admissible evidence."

In pursuing information about the applicable standard of care, Plaintiffs deposed Dr. Caplan and asked him about the Closed Claims Project, a study addressing the standards of care for anesthesiologists.  The Closed Claims Project also included an examination of the breach of those standards based on the information contained in closed claims files collected from various insurance companies.  (*See* Doc. 57-1 at 2.)

The alleged injuries suffered by Robert Hughes are described as "bilateral brachial plexus injury, C4-C5 spinal cord infarct, excoriation of the chin and bilateral bruising of the chest at the clavical level."  (*See id.* at 2-3.)  When asked if he personally was aware of any cases involving the same constellation of injuries, Dr. Caplan replied that he was not.  (*See* Doc. 57-3 at 1.)  When he answered that there "may" have been one or two cases in the Closed Claims Project involving similar injuries, he was responding to a

question asking simply "have you ever had a situation where a patient has had a C4-C5 infarct." (*Id.* at 3.)

In light of Dr. Caplan's testimony, it does not appear that the request for production of documents relating to the Closed Claims Project would result in the discovery of admissible evidence.

Even if Plaintiffs were able to show that the information sought is relevant, Defendants have shown that Plaintiffs' request is duplicative; that the burden to produce, or to attempt to produce, documents responsive to the request would outweigh the likely benefit; and that the burden and expense to produce Dr. Caplan and/or Dr. Posner for deposition also would outweigh the likely benefit. *See* Fed. R. Civ. P. 26(b)(2).

Accordingly, **IT IS THEREFORE ORDERED THAT** the Plaintiffs' motion to compel (Doc. 57) is **DENIED**.

**IT IS SO ORDERED**.


Date:  3/17/06            s/Timothy S. Black
                          Timothy S. Black
                          United States Magistrate Judge