UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT D. HUGHES, *et al.*, | : | Case No. 1:03-cv-261 |
| | : | Black, M.J. |
| Plaintiffs, | : | |
| | : | |
| vs. | : | **ORDER** |
| | : | |
| ANTHONY F. GUANCIALE, M.D., *et al.*, | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on three motions in limine by Plaintiffs to exclude as prejudicial under Fed. R. Evid. 401 the following evidence: use of the term "stroke" (Doc. 97), an office note dated October 4, 2005 (Doc. 99), and testimony by Dale Jones regarding a drug screen test of Plaintiff Robert Hughes by his former employer (Doc. 100). The motions have been fully briefed. (*See* Docs. 107, 108, 116, 117).

I.  Plaintiffs' Motion In Limine To Exclude Use of the Term "Stroke" (Doc. 97)

Plaintiffs allege that the use of the word "stroke" will be misleading, and that it will be prejudicial to them because Plaintiff Robert Hughes has no history of stroke.

Rule 403 of the Federal Rules of Evidence provides that evidence may be excluded if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading to the jury. *See* Fed. R. Evid. 403.

The Court finds that the use of the word "stroke" presents the danger of confusing the issues and misleading the jury. Accordingly, the motion is granted.

II.  Plaintiffs' Motion in Limine to Exclude Office Note Regarding Phone Call with Pharmacy (Doc. 99)

Medical records maintained by Dr. Banks include a note that references a pharmacy's concerns that Plaintiff Robert Hughes may have been selling his prescription medication, oxycontin.  Dr. Banks testified during his deposition that he did not believe that Robert Hughes is or has been selling his medication.

Plaintiffs argue that the evidence of the pharmacy's concerns may be excluded under Fed. R. Evid. 403 because: (1) the probative value is substantially outweighed by the danger of unfair prejudice; and (2) the evidence concerns a matter that is collateral to the true issue of the case.

Defendants object, stating that the note, which "calls into question Mr. Hughes' behavior regarding certain narcotic medication prescribed," also indicates that Mr. Hughes underwent a drug screen to determine whether he had his narcotic medicine in his system.  He did not, according to the screen, leading Dr. Banks to conclude that Mr. Hughes had not taken the narcotic medicine for one to three days.  Defendants argue thus that the note is relevant to contradict Mr. Hughes' claim of unrelenting pain.  (*See* Doc. 108.)

The Court finds that the probative value of the allegation that Mr. Hughes was selling his medication is outweighed by the danger of unfair prejudice.

Accordingly, the motion is granted in part to exclude that allegation or suggestion; but the motion is also denied in part to permit Defendants to show that, at least on this

-2-

one occasion, Mr. Hughes apparently did not take his medication for one to three days. If the note is offered as an exhibit, at least the allegations of misuse must be redacted.

III. <u>Plaintiffs' Motion In Limine To Exclude Testimony Of Dale Jones Regarding A Positive Urinalysis Ordered By A Former Employer (Doc. 100)</u>

Dale Jones, a lay witness, testified in deposition that Plaintiff Robert Hughes tested positive for drugs in a urinalysis ordered by his former employer. Mr. Hughes left his job in November 2001, six months before the surgery. Plaintiffs seek to exclude the evidence under Fed. R. Evid. 403.

Defendants oppose the motion. They contend that Mr. Jones testified further that Mr. Hughes confided to him that he was fired from his job because he failed an on-the-job drug screen which tested positive for marijuana. (*See* Doc. 107.) Defendants also contend that Mr. Hughes made statements to others, including his wife, indicating that he had quit his job.

Defendants maintain that the evidence of a failed drug screen is relevant and probative of Mr. Hughes' claim for loss of wages. Defendants also maintain that Mr. Hughes' inconsistent explanations about the reason for leaving his employment are relevant to the issue of his credibility.

Evidence that a person was fired from his job can be relevant and admissible on the issue of his future employability. *See Mercurio v. Nissan Motor Corp.*, 81 F. Supp. 2d 859, 863 (N.D. Ohio 2000). Even so, Plaintiffs maintain that the probative value of the evidence is minimal, amounting to mere speculation that a future prospective

employer might learn about the failed drug screen and deny him employment. The Court agrees.

The evidence proposed in this case, a single drug test, does not compare to the evidence at issue in *Mercurio*, to wit: a history of alcohol abuse. The Court finds that the probative value of the failed drug screen as to the issue of future employability is outweighed by the danger of unfair prejudice.

On the other hand, the Court agrees that evidence that Robert Hughes gave inconsistent statements about the reason for leaving his employment is relevant to the issue of credibility.

Accordingly, the motion is granted in part and denied in part. Evidence about the failed drug test is initially excluded. Evidence that Robert Hughes gave inconsistent statements about whether he was fired or quit will be admitted on the issue of credibility.

For the reasons stated, **IT IS HEREIN ORDERED** as follows:

1. Plaintiffs' motion to exclude use of the term "stroke" (Doc. 97) is **GRANTED**;

2. Plaintiffs' motion to exclude the October 4, 2005 office note (Doc. 99), and testimony related thereto, is **GRANTED IN PART** and **DENIED IN PART**; and

3. Plaintiffs' motion to exclude testimony by Dale Jones regarding a drug screen test ordered by Mr. Hughes' former employer (Doc. 100) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**.


Date:  4/28/06                              s/Timothy S. Black
                                                          Timothy S. Black
                                                          United States Magistrate Judge